# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

EDDIE POWELL,

    Plaintiff,

v.                                Case No. 3:21-cv-363-BJD-JBT

MARK INCH, et al.,

    Defendants.

_____

## ORDER

Plaintiff, a state inmate in the custody of the Florida Department of Corrections, initiated this case by filing a construed Motion for Temporary Restraining Order. See Doc. 1. Plaintiff argues that staff and correctional officers as Suwannee Correctional Institution are not following CDC guidelines to ensure the safety of all inmates against COVID-19. Id. at 2. He states that only a few of the officers are wearing face masks, social distancing is not enforced, and surfaces are not being routinely cleaned. Id. He claims that he tested positive for COVID-19 in September 2020, and believes he was infected because nurses did not change gloves between inmate temperature checks. Id. He asserts he was then quarantined for fourteen days and was very sick during that time and thought he was going to die from the illness. Id. at 2-3. Plaintiff argues that he now suffers residual effects from the illness and the poor

conditions of the prison are interfering with his breathing and other mental/medical health needs. Id. at 4.

He claims that he is now "under major duress and is in fear for his life" because correctional officers are not wearing masks and are saying that they will not take the vaccine. Id. He states that he suffers from high blood pressure and fears he will suffer a heart attack or stroke if he continues to experience side effects of COVID-19. He also argues that he has been wearing the same clothing for twenty-seven days, and he references other inmates who are allegedly suffering constitutional violations at the hands of correctional officers. Id. Plaintiff requests that this Court issue a temporary injunction requiring prison officials to follow the CDC guidelines regarding COVID-19 and order Defendants to "stop placing the life of Plaintiff and the lives of all the other inmates in danger and wear the protective face covering until the country is safe." Id. at 8.

As to Petitioner's request for an injunction, a [temporary restraining order (TRO)] or preliminary injunction is appropriate where the movant demonstrates that:

> (a) there is a substantial likelihood of success on the merits;

>(b) the TRO or preliminary injunction is necessary to prevent irreparable injury[1];
>
>(c) the threatened injury outweighs the harm that the TRO or preliminary injunction would cause to the non-movant; and
>
>(d) the TRO or preliminary injunction would not be a[d]verse to the public interest.

Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (per curiam) (citation and footnote omitted); see Keister v. Bell, 879 F.3d 1282, 1287-88 (11th Cir. 2018). Such injunctive relief "is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries [his] burden of persuasion on each of these prerequisites." GeorgiaCarry.Org, Inc. v. U.S. Army Corps of Engineers, 788 F.3d 1318, 1322 (11th Cir. 2015) (quotations and citation omitted).

Plaintiff's Motion fails for many reasons. First, by submitting only a motion with no complaint, Plaintiff fails to demonstrate he is likely to succeed on the merits of his underlying claim, which appears to be one of deliberate indifference. The fact that inmates and staff at Plaintiff's institution have been diagnosed with COVID-19 and are unable to achieve social distancing does not

---

[1] The Eleventh Circuit has "emphasized on many occasions, the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" Siegel v. LePore, 234 F.3d 1163, 1176-77 (11th Cir. 2000) (per curiam) (quoting Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990)).]

by itself show prison officials are deliberately indifferent to the risks posed by this unprecedented virus. See Swain v. Junior, 961 F.3d 1276, 1287 (11th Cir. 2020). Indeed, knowledge of a risk of harm does not necessarily suggest deliberate indifference "even if the harm ultimately is not averted." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 844 (1994) (emphasis omitted)). Moreover, Plaintiff offers no facts showing the supervisory Defendants adopted or implemented a policy or custom that violated Plaintiff's constitutional rights or were aware of a "history of widespread abuse" that has gone uncorrected. See id. at 1291 ("Municipal liability is . . . plainly part of the likelihood-of-success-on-the-merits inquiry at the preliminary-injunction stage.").

Second, aside from the fact that "the virus unquestionably poses a serious threat to inmates" in the abstract, Plaintiff offers no evidence showing the threat he faces is "actual and imminent." Id. at 1293. For instance, while Plaintiff says he has high blood pressure, he does not identify any illness or demographic information that indicates he is at a higher risk of infection than the general prison population. See id. ("[T]he inquiry [is not] whether the plaintiffs have shown that the virus poses a danger to the inmates in the abstract—it undoubtedly does—but rather whether they have shown that they will suffer irreparable injury 'unless the injunction issues.' ").

Finally, as a pro se inmate, Plaintiff cannot represent the interests of other inmates. See Timson v. Sampson, 518 F.3d 870, 873 (11th Cir. 2008)

4

(recognizing that the general provision permitting parties to proceed pro se, 28 U.S.C. § 1654, provides "a personal right that does not extend to the representation of the interests of others"). As such, he is not entitled to the relief he requests.

Accordingly, it is,

**ORDERED AND ADJUDGED:**

1. Plaintiff's Motion for Temporary Restraining Order (Doc. 1) is **DENIED**.

2. This case is **DISMISSED without prejudice**.

3. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of April, 2021.

_____
BRIAN J. DAVIS
United States District Judge

Jax-7

C:   Eddie Powell, #777329